IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Andres Glenn,<br><br>                Plaintiff,<br>    vs.<br><br>Jackey of Carson Bording Home, the cook or Jasmon and Jasmon and Monika,<br><br>                Defendants. | Civil Action No. 3:20-cv-1853-CMC<br><br>**ORDER** |

       This matter is before the court on Glenn's[1] Complaint filed May 13, 2020. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings. On May 19, 2020, the Magistrate Judge entered two orders, citing deficiencies in Glenn's Complaint and allowing an opportunity for amendment and directing Glenn to provide proper service documents. ECF Nos. 3, 4. Two letters were received from Glenn in response, which consisted of the Magistrate Judge's Orders with handwriting on some pages. ECF Nos. 6, 7. On one, he requested it be ordered that "Mr. Ron Vanraj release my raise money and my big check," and also appears to request the payee be changed. ECF No. 6. On the other, he notes "Raymond Richardson and Delbert Richardson is not the Plaintiff Andres Glenn is the Plaintiff," and "the Plaintiff wants Mrs. Carson to be my payee" instead of other individuals. ECF No. 7.

---

[1] As noted in the Report, Glenn also listed "Delbert Richardson" and "Raymond Richardson" as Plaintiffs in this action. However, these individuals have not signed the Complaint, and there is no indication they wish to be included. Glenn concedes they are not plaintiffs in his letter at ECF No. 6. Therefore, they are not construed as plaintiffs in this action.

On June 12, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be summarily dismissed with prejudice. ECF No. 9. The Magistrate Judge advised Glenn of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Glenn failed to file objections, and the time to do so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees with the Report's recommendation this matter should be dismissed. The court disagrees Glenn has failed to prosecute his case, however, as he attempted to clarify and filed letters in response to the initial Proper Form Orders. It is clear the Complaint fails to meet minimal pleading requirements, even considering Glenn's

2

attempted clarifications, and Glenn has failed to establish subject matter jurisdiction in federal court. Accordingly, the court adopts the Report, as amended above, by reference in this Order. This matter is dismissed without prejudice and without issuance and service of process.[2]

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 13, 2020

---

[2] The Report recommends dismissal with prejudice on page 8 and without prejudice on page 4. In these circumstances, and because the court found Glenn did not fail to prosecute his case, this court finds that dismissal without prejudice is appropriate.